UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WAYNE STEWART,

                Petitioner,

     -against-

JAIFA COLLADO,

                Respondent.

21cv05197 (VEC) (DF)

**ORDER**

**DEBRA FREEMAN, United States Magistrate Judge:**

      In his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, which has been referred to this Court by the Honorable Valerie E. Caproni, U.S.D.J., for a report and recommendation (*see* Dkt. 5), *pro se* petitioner Wayne Stewart ("Petitioner") seeks relief from his New York State conviction on various grounds that he seemingly raised on his direct appeal in the state courts (*see* Petition Under 28 U.S.C. § 2254 For Writ of Habeas Corpus by a Person in State Custody, dated June 7, 2021 ("Petition") (Dkt. 2) ¶ 12). Currently before this Court is a letter motion by respondent Jaifa Collado, Superintendent of the Shawangunk Correctional Facility, where Petitioner is incarcerated ("Respondent"), for a stay of these proceedings pending the outcome of additional claims (specifically, claims that Petitioner was denied the effective assistance of appellate counsel) that Petitioner has not raised herein, but that are currently pending in a state *coram nobis* proceeding. (*See* Letter to the Court from Alexander Michaels, Esq., dated Aug. 3, 2021 ("Resp. Mtn.") (Dkt. 9).) Prior to filing her motion, Respondent did not seek or obtain Petitioner's consent to the requested stay (*see id.*, at 2), and, to date, Petitioner has not responded to Respondent's motion.

      For the reasons set forth below, Respondent's application for a stay is denied, but, if Petitioner wishes to do so, he may file an Amended Petition that includes his

ineffective-assistance-of-appellate-counsel claims and may simultaneously make a properly supported application to stay these habeas proceedings and to hold his Amended Petition in abeyance pending his exhaustion of those claims. The deadlines for further submissions by the parties, in accordance with this Order, are set out below.

## DISCUSSION

As this Court does not yet have before it the full state-court record, it is unable to determine whether Petitioner has fully exhausted, in the state courts, all of the claims that he has raised in his Petition, although it appears likely that his pleaded claims were the subject of his direct appeal, such that they have either been exhausted or should be deemed exhausted. (*See* Pet. ¶ 12 and Addendum thereto.) Thus, from the face of the Petition, there is no reason for this Court to consider staying this action and holding the Petition in abeyance while Petitioner seeks to exhaust any of the claims *that he has raised*.

What Respondent has presented is a different issue: whether Petitioner might, at some point, wish to raise before the Court certain claims that, as of now, he has chosen *not* to include in his habeas Petition. The claims in question, alleging that Petitioner received ineffective assistance of appellate counsel – have apparently been raised by Petitioner in a state application for a writ of error *coram nobis* (*see* Pet. ¶ 11), which, according to Respondent, remains pending before the state court (*see* Resp. Mtn., at 1). The problem is that Petitioner's ability to bring a second, or "successive" habeas petition in this Court (should his *coram nobis* application eventually be denied) will be strictly limited by the governing federal statute. In relevant part, 28 U.S.C. § 2244 provides:

> (2)    A claim presented in a second or successive habeas corpus application under [section] 2254 that was not presented in a prior application shall be dismissed unless –

    (A)  the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

    (B)  (i)  the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

        (ii)  the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(2). Further, under the statute, a successive habeas petition may only be filed in this District if permitted by a three-judge panel of the Second Circuit Court of Appeals. *See* 28 U.S.C. §§ 2244(3)(A), (B). It may well be that Petitioner will not be able to overcome these hurdles, should he ever wish to assert his ineffective-assistance-of-appellate-counsel claims in a later federal habeas petition.

  Under the circumstances, this Court will permit Petitioner (1) to amend his Petition to assert those claims now, and (2) simultaneously, to move for an order, pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005), staying this habeas action and holding his Petition in abeyance while he seeks to exhaust his newly added claims via his state *coram nobis* proceeding. Petitioner is cautioned, though, that, under *Rhines*, this Court should only grant a stay of these proceedings if Petitioner is able to demonstrate "good cause" for failing to exhaust his unexhausted claims earlier – that is, prior to asserting them in this Court. *See id*. at 278; *see also Perkins v. LaValley*, No. 11cv3855 (JGK), 2012 WL 1948773, at *1 (S.D.N.Y. May 30, 2012) (noting that "it is the petitioner who has the burden of demonstrating 'good cause' for his failure to exhaust previously any unexhausted claims"). Further, a stay would only be appropriate if

Petitioner's unexhausted claims are "potentially meritorious." *Rhines*, 544 U.S. at 278; *see also id.* at 277 (holding that "the district court would abuse its discretion if it were to grant [petitioner] a stay when his unexhausted claims are plainly meritless").

At this point, this Court does not even know if Petitioner has any desire to raise his ineffective-assistance-of-appellate-counsel claims before this Court, and, of course, he is not required to do so. In addition, even if Petitioner does wish to add those claims to his Petition, this Court has no information from which it can determine whether there was "good cause" for Petitioner's seeming 10-month delay in raising those claims in a state *coram nobis* application. (*See* Petition ¶ 9(g) (stating that leave to appeal to the New York Court of Appeals from the affirmance of his conviction was denied on June 11, 2020); *id.* ¶ 11(a) (stating that Petitioner filed his *coram nobis* application on April 12, 2021).) Nor does this Court know anything about the substance of the claims in question, as Petitioner's *coram nobis* application has not been submitted to this Court, and thus this Court cannot determine whether the claims are potentially meritorious.

Under the circumstances, Respondent's request that this matter be stayed is denied, without prejudice to Petitioner's filing an Amended Petition, raising his ineffective-assistance-of-appellate-counsel claims, and also filing a properly supported motion for "stay and abeyance" under *Rhines*. If Petitioner wishes to proceed with an Amended Petition and a *Rhines* motion, then his Amended Petition and the accompanying motion should be filed in this Court no later than September 3, 2021. In his submissions, Petitioner should describe to this Court, with specificity, the unexhausted claims in question, and should also explain why he believes those claims have merit and how he exercised diligence in raising the claims in the state courts.

If Petitioner does not file an Amended Petition and *Rhines* motion by September 3, 2021, then Respondent may have until November 2, 2021 to file an opposition to the original Petition, and Petitioner may have until December 2, 2021 to file a reply.  If, on the other hand, Petitioner files an Amended Petition and a motion for a stay, then Respondent need not file an opposition to the Petition until after this Court addresses that motion and, as necessary, sets a new schedule for submissions addressed to the substance of the Amended Petition.

## CONCLUSION

For the foregoing reasons, Respondent's motion for a stay (Dkt. 9) is denied, and the Clerk of Court is directed to close that motion on the Docket of this Action.  The Clerk of Court is also directed to mail a copy of this Order to Petitioner, at the address shown on the Docket and below.

Dated: New York, New York
       August 5, 2021

SO ORDERED

_____
DEBRA FREEMAN
United States Magistrate Judge

Copies to:

Mr. Wayne Stewart
DIN:  17A1622
Shawangunk Correctional Facility
P.O. Box 700
Wallkill, NY  12589-0750

Respondent's counsel (via ECF)