UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WAYNE STEWART,

                        Petitioner,

      -against-

JAIFA COLLADO,

                        Respondent.

21cv05197 (VEC) (DF)

**ORDER**

**DEBRA FREEMAN, United States Magistrate Judge:**

      By Order dated August 5, 2021 (Dkt. 11), this Court denied Respondent's application for a stay of these habeas corpus proceedings, pending resolution of the petition for a writ of error *coram nobis* that Petitioner had filed in the New York State Appellate Division. This Court explained that the claims at issue in the *coram nobis* petition (for ineffective assistance of appellate counsel) had not been asserted by Petitioner in his federal habeas Petition as grounds for relief; that, absent any description of those claims in the Petition, this Court had no basis for determining if they had potential merit; that Petitioner had not demonstrated good cause for failing to exhaust the claims prior to commencing this action; and that this Court did not even know if Petitioner actually wished to raise the claims here. (*See id.*) This Court, however, granted Petitioner leave to move for a stay under *Rhines v. Weber*, 544 U.S. 269 (2005), addressing the various issues that this Court had identified. (*See id.*)

      Subsequently, Petitioner, who is proceeding *pro se*, wrote to this Court and explained that he had, in fact, intended his habeas Petition to be read to include his ineffective-assistance-of-appellate-counsel claims, noting that he had referred, in that Petition, to the pendency of his state *coram nobis* petition. (*See* Letter to the Court from Wayne Stewart, dated Aug. 27, 2021 (Dkt. 13).) Petitioner also submitted a copy of his *coram nobis* petition (*see id.*), which detailed

the substance of those claims.  Further, presumably to address the question of whether he had good cause for failing to exhaust his claims, Petitioner explained that, in 2020, he had contracted COVID-19 and was placed in quarantine, and that, at least for some period of time, the pandemic had additionally resulted in his having limited access to the law library at the facility where he was incarcerated, as well as limited access to supplies.  (*See id.*)

In light of Petitioner's statements, this Court will construe the Petition in this action to include the ineffective-assistance-of-appellate-counsel claims that Petitioner has raised in his state *coram nobis* petition.  As for whether Petitioner has sufficiently demonstrated that a stay is warranted, this Court first notes that it has now preliminarily reviewed the claims at issue, which have several parts, and that it is unable to conclude, at this juncture, that they entirely lack merit.  Further, this Court notes that any delay in these proceedings that would be caused by staying the matter pending full exhaustion of the claims should not be lengthy, given that, as recently reported by Respondent (*see* Letter to the Court from Alexander Michaels, Esq., dated Sept. 23, 2021 (Dkt. 14)), the Appellate Division has now denied the claims, and thus all that remains for full exhaustion is for Petitioner to apply for leave to appeal to the New York Court of Appeals, and for the Court of Appeals to act.  Finally, this Court notes that this action presents the somewhat unusual situation where each of the parties has now independently sought a stay of these proceedings, and thus it seems that a stay would be in both parties' interests.  Certainly, it would be in Petitioner's interest, as it would enable him to avoid having certain of his claims procedurally barred from habeas review.

Under the circumstances, and in the exercise of this Court's discretion, it is hereby ORDERED that:

1. These habeas proceedings are hereby stayed, and the Petition shall be held in abeyance, pending the completion of exhaustion of the ineffective-assistance-of appellate-counsel claims that Petitioner has raised in his state *coram nobis* petition.

2. Petitioner is directed to supplement his Petition in this Court within 30 days after state-court exhaustion is completed, by setting forth the final outcome of the state proceedings.

3. Respondent is directed to serve and file any opposition to the Petition within 30 days thereafter, together with a copy of the full state record. Petitioner's reply shall be filed no later than 30 days after his receipt of Respondent's opposition.

4. The Clerk of Court is directed to mail a copy of this Order to Petitioner, at the address reflected on the Docket and shown below.

Dated: New York, New York
       October 12, 2021

SO ORDERED

DEBRA FREEMAN
United States Magistrate Judge

Copies to:

Mr. Wayne Stewart
DIN: 17A1622
Shawangunk Correctional Facility
P.O. Box 700
Wallkill, NY 12589-0750

Respondent's counsel (via ECF)