```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/2/2024
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
WAYNE STEWART,                                         :
                                                       :
        Petitioner,                          :    **ORDER**
                                                       :
  -v-                                                  :    21-CV-5197 (VEC) (JLC)
                                                       :
JAIFA COLLADO,                                         :
                                                       :
        Respondent.                          :
-----------------------------------------------------------------X

**JAMES L. COTT, United States Magistrate Judge.**

      The Court has received *pro se* petitioner Wayne Stewart's June 24, 2024 letter-application for appointment of pro bono counsel, filed on ECF on July 1, 2024. (Dkt. No. 52).  A request for the appointment of counsel in a habeas corpus proceeding is analyzed in the same manner as any other application for the appointment of counsel in civil cases. *Williams v. Breslin*, No. CV-06-2479 (SJF), 2008 WL 163599, at *1 (E.D.N.Y. Jan. 10, 2008).  Thus, in determining whether to grant an application for counsel, the Court must consider "the merits of plaintiff's case, the plaintiff's ability to pay for private counsel, his efforts to obtain a lawyer, the availability of counsel, and the plaintiff's ability to gather the facts and deal with the issues if unassisted by counsel." *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172 (2d Cir. 1989) (per curiam).  As a threshold matter, in order to qualify for appointment of counsel, a petitioner must demonstrate that his claims have substance or a likelihood of success. *See Hodge v. Police Officers*, 802 F.2d 58, 60-61 (2d Cir. 1986); *Panjwani v. U.S. Sec. Assocs.*, 2014 WL 1870828, at *1 (S.D.N.Y.

May 7, 2014) (quoting *Hodge*, 802 F.2d at 61) (applying *Hodge*, "a court must first determine 'whether the indigent's position seems likely to be of substance,'" which is the factor that "commands the most attention"). In reviewing a request for appointment of counsel, the Court must also be cognizant of the fact that volunteer attorney time is a precious commodity and, thus, should not grant appointment of counsel indiscriminately. *Cooper*, 877 F.2d at 172.

The Court has considered these factors and finds that they do not weigh in favor of granting petitioner's request for an appointment of counsel at this time. Before the Court is a petition for a writ of habeas corpus, which will be determined on the written record. The petition and the government's opposition have already been filed, so if an attorney were appointed at this late stage in the proceeding, they would be limited in their ability to provide assistance and affect the outcome of the case.

Moreover, prisoners do not have a constitutional right to the assistance of counsel in connection with petitions for post-conviction relief. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). District Courts are under no obligation "to appoint counsel for prisoners who indicate, without more, that they wish to seek post-conviction relief." *Johnson v. Avery*, 393 U.S. 483, 488 (1969). Instead, "the initial burden of presenting a claim to post-conviction relief usually rests upon the indigent prisoner himself with such help as he can obtain within the prison walls or the prison system." *Id.*

For these reasons, the Court therefore denies petitioner's application for the

appointment of counsel.[1]

In addition to a request for appointment of counsel, Stewart also requests additional time to file his reply papers, which are currently due on July 26, 2024. In light of the difficulties posed by his health and his incarceration, and the considerable length of the government's opposition to which he is replying, Stewart may have additional time to file his reply papers, such that they will now be due **on September 6, 2024.**

SO ORDERED.

Dated: New York, New York
    July 2, 2024

_____
JAMES L. COTT
United States Magistrate Judge

---

[1] If the Court later determines an evidentiary hearing is necessary to resolve the petition, then the question of the appointment of counsel will be reconsidered. *See, e.g., Kelly v. Artuz*, No. 98-CV-7943 (BSJ) (KNF), 2000 WL 307383, at *1 (S.D.N.Y. Mar. 24, 2000) ("Among the factors which a court may consider in determining whether to grant a habeas corpus petitioner's application for appointment of counsel is whether an evidentiary hearing should be held, in connection with the petition, pursuant to Rule 8 of the Rules Governing Section 2254 Cases in the United States District Courts. Where no hearing is to be held, the appointment of counsel is not warranted."); see *also Brown v. New York*, No. 22-CV-6371 (PAE) (VF), 2024 WL 2883986, at *1 (S.D.N.Y. May 23, 2024) ("Appointment of counsel in habeas corpus cases is discretionary, and that discretion should be exercised only when the interests of justice so require, unless an evidentiary hearing is necessary.").