USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/30/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WAYNE STEWART,

Petitioner,

-against-

JAIFA COLLADO,

Respondent.

21-CV-5197 (VEC)

ORDER ADOPTING
REPORT & RECOMMENDATION

VALERIE CAPRONI, United States District Judge:

WHEREAS on June 9, 2021, Petitioner Wayne Stewart filed a 28 U.S.C. § 2254 petition against Respondent Jaifa Collado, Executive Deputy Commissioner of the Department of Corrections and Community Supervision, Dkt. 2;

WHEREAS on July 19, 2021, the Court referred this case to the designated Magistrate Judge, now Magistrate Judge Henry J. Ricardo, for a Report & Recommendation ("R&R") on the petition, Dkt. 5;

WHEREAS on February 7, 2025, Judge Ricardo recommended, in a thorough and carefully reasoned R&R, that the petition be denied, *see* Dkt. 67;

WHEREAS in the R&R, Judge Ricardo notified the parties that, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), they had fourteen days to file written objections to the R&R's findings, Dkt. 67 at 38;

WHEREAS Judge Ricardo further noted that failure to file objections within 14 days would result in both the waiver of objections and the preclusion of appellate review, Dkt. 67 at 38-39;

WHEREAS no objection was filed by either party;[1]

WHEREAS in reviewing an R&R, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge," 28 U.S.C. § 636(b)(1)(C);

WHEREAS when, as here, no party objects to the R&R, the Court may accept the R&R provided that "there is no clear error on the face of the record," *Heredia v. Doe*, 473 F. Supp. 2d 462, 463 (S.D.N.Y. 2007) (quoting *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)); *see also* Fed. R. Civ. P. 72(b) Advisory Committee Note;

WHEREAS an error is clear when the reviewing court is left with a "definite and firm conviction that a mistake has been committed," *see Cosme v. Henderson*, 287 F.3d 152, 158 (2d Cir. 2002) (quoting *McAllister v. United States*, 348 U.S. 19, 20 (1954)); and

WHEREAS careful review of the R&R reveals that there is no clear error.

IT IS HEREBY ORDERED that the R&R is adopted in full, and the petition is DENIED.

Because the R&R gave the parties adequate warning, *see* Dkt. 67 at 38-39, the failure to file any objections to the R&R precludes appellate review of this decision, *see Mario v. P & C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Where parties receive clear notice of the

---

[1] By letter dated March 3, 2025, Mr. Stewart informed the Court that his prison facility did not have operational mail services. Dkt. 68. Respondent informed the Court on April 22, 2025, that "in-coming and out-going mail service ha[d] continued unabated notwithstanding the recent workforce disruptions." Dkt. 70. On April 16, 2025, Mr. Stewart requested an extension of his time to object to the R&R. Dkt. 71. The Court extended the deadline to June 3, 2025. Dkt. 72. The Court then received a letter from Mr. Stewart, dated May 1, 2025, again asking for an extension of his time to object to the R&R. Dkt. 73. The Court informed him that an extension had already been granted, and that the deadline would not be further extended. Dkt. 74. Mr. Stewart's next communication to the Court was dated September 3, 2025; it stated that he had just received the Court's Order extending the deadline and asked for more time to object. Dkt. 75. The Court denied the request. Dkt. 76. Additional extension requests were made in letters dated September 7, 2025, Dkt. 77, and October 23, 2025, Dkt. 79; all of the requests were denied, Dkts. 78, 80. Although Mr. Stewart knew that the deadline for his objections had long passed, he did not include his objections in any of the many letters he sent to the Court. In his letter dated April 16, 2025, he references objections that were allegedly mailed on February 18, 2025. Dkt. 71. No objections were received by the Court, and Mr. Stewart has never reiterated any of those objections, despite sending six letters to the Court.

consequences, failure timely to object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision.").

The Clerk of Court is respectfully directed to (1) follow the current Department of Corrections and Community Supervision procedures to mail a copy of this Order to Petitioner, DIN: 17A1622, Regional Medical Unit P.O. Box 999, Coxsackie, N.Y. 12051 and (2) close this case.

**SO ORDERED.**

**Date: October 30, 2025**
**New York, New York**

**VALERIE CAPRONI**
**United States District Judge**